

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2007

# Rankine v. Folino

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1843

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rankine v. Folino" (2007). *2007 Decisions*. Paper 275.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/275

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-22                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1843
_____

DERRICK RANKINE,
                                                                    Appellant
v.

SUPERINTENDENT FOLINO; JEFFREY BEARD; DEPUTY
JACKSON; DEPUTY BARONE; GRIEVANCE SHARON
DELELTO, Coordinator; BUSINESS MGR. JEAN SCOTT;
DR. SACKS; COURT OF COMMON PLEAS, PHILA PA;
DAVID A. SZEWCZAK, Superior Court Prothonotary;
CAPTAIN HALL; LT. A. E. GUMBAREVIO; LT. MEIGHEN,
and all RHU that worked in RHU between 2/22/04 to 3/04; SGTS
CONNER; SGT TANNER; SGT SANTOGO, and all RHU SGT
that worked in the RHU between 2/22/04 to 3/04; C.O. STICKLES;
C.O. STEPHEN; C.O. RAUSENWINDER; C.O. MANBERRY;
C.O. ANGELO; C.O. HENRY; C.O. JORDAN; DELFORD
STUMP; MR. IVAN, Counselor SCI-Greene; C.O.
ENGELHARDT; THOMPSON; C.O. COY; MR. GEEHRING,
Mailroom Supervisor; THE MEDICAL ADMINISTRATOR, and
all Medical Staff at SCI-Greene who worked on F.B. and F.A.
between 2/22/03 to 3/04; C.O. BLAKE, RHU; C.O. ANDERSON,
RHU; MRS. BARR, Hearing Examiner SCI-Greene; MR.
THOMAS JAMES, SCI Camphill Hearing Officer; MR. OHARA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00100)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
October 18, 2007

Before: BARRY, CHAGARES AND VAN ANTWERPEN, CIRCUIT JUDGES

OPINION

PER CURIAM

Appellant Derrick Rankine, an inmate at the State Correctional Institution at Greene in Waynesburg, Pennsylvania ("SCI-Greene"), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 in United States District Court for the Western District of Pennsylvania against numerous defendants. He alleged violations of his constitutional rights in connection with his access to the courts; his right to be free from retaliation for exercising his constitutional right to petition the courts; and certain prison conditions he was subjected to, including an unheated cell, verbal harassment of a sexual nature by the guards, and improper withholding of medical care and clean and unspoiled food, all as thoroughly set forth in the first Report and Recommendation filed in this case by the Magistrate Judge. Rankine sought money damages.

Several claims were dismissed early in the litigation pursuant to Federal Rule of Civil Procedure 12(b)(6). For example, Rankine's access to the courts claims were dismissed for failure to show actual injury, Lewis v. Casey, 518 U.S. 343, 349 (1996), and his verbal harassment claims were determined to be not actionable, see, e.g., MacLean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995). Several defendants with no

connection to the wrongs alleged also were dismissed.[1] Rankine's retaliation claim and most of his Eighth Amendment claims were allowed to proceed. The remaining defendants answered the complaint and amended complaint and raised the exhaustion of administrative remedies defense, 42 U.S.C. § 1997e(a). They then moved for summary judgment. The Magistrate Judge filed a Report and Recommendation, addressing that motion, and Rankine filed Objections to it. In an order entered on February 15, 2007, the District Court overruled Rankine's Objections and granted summary judgment to the remaining defendants. Rankine appeals. His motion to appeal in forma pauperis was granted by our Clerk and he was notified that his appeal would be considered under 28 U.S.C. § 1915(e)(2)(B).

We will dismiss the appeal as frivolous. An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review of the District Court's grant of summary judgment is plenary and we must affirm summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We conclude that there is no arguable basis in fact or law for disagreeing with the District Court's summary judgment determination. Neitzke, 490 U.S. at 325; Celotex Corp., 477 U.S. at 322-23.

The defendants sought summary judgment on the basis that Rankine failed to

---

[1] These rulings are plainly not in error and we will not address them further.

3

exhaust his administrative remedies. A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit. See Booth v. Churner, 532 U.S. 731 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The three steps in the Pennsylvania grievance process are (1) Initial Review pursuant to DC-ADM-804 Part VI.B of the inmate's filed grievance; (2) the first appeal from the Initial Review, or Appeal to Facility Manager pursuant to DC-ADM-804 Part VI.C; and (3) a final appeal, the Appeal to the Secretary's Office of Inmate Grievances and Appeals pursuant to DC-ADM-804 Part VI.D. See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

In support of their summary judgment motion, the defendants submitted a 367-page appendix containing the complete record of Rankine's 143 grievances filed at SCI-Greene from January 20, 2004 through August 25, 2004. As explained by the Magistrate Judge in a Report and Recommendation adopted by the District Court, Rankine is barred from relief because of the procedural defaults he committed during the grievance process, id. at 230 (Prison Litigation Reform Act contains a procedural default component). Specifically, he did not properly file for final appeal concerning any pertinent grievance.[2]

---

[2] Certain grievances were appealed to the final level but were rejected because Rankine bypassed the intermediate appeal to the Superintendent or failed to prosecute them (by explaining the reasons for the appeal), or because his intermediate appeal had been rejected as untimely, among other reasons.

Although many of his grievances were rejected prior to the final appeal stage on the ground that he would not use the exact spelling of his name as it appears on his judgment of commitment, we agree with the Magistrate Judge that the grievance process was not thereby rendered unavailable to him. Cf. Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and correctional officers may have impeded filing of grievance). On the contrary, the summary judgment record establishes that the grievance process remained open to Rankine notwithstanding that many of his grievances were frivolous.

We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).